IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIN REYNOLDS,** *et al.*, | ) | CASE NO. 1:23 CV 1522 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| **UNITED STATES OF AMERICA,** | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**I. Procedural History**

On July 6, 2023, *pro se* Plaintiffs Erin M. Reynolds, David A. Reynolds, III, and Taylin D. Reynolds filed a Complaint against United States District Judge Solomon Oliver, Jr., Clerk of Court for the Northern District of Ohio Sandy Opacich, Assistant United States Attorney Angelita Bridges, and Assistant United States Attorney Michelle Baeppler in the Cuyahoga County Court of Common Pleas. (R. 1-1). On August 4, 2023, Defendants removed this action to this Court. (R. 1). Thereafter, the United States filed a Notice of Substitution for the named Defendants pursuant to 28 U.S.C. § 2679(d)(1).[1] (R. 3).

---

[1] Pursuant to 28 U.S.C. § 2679(d)(1): "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

This action is the latest installment in a line of cases Plaintiffs have filed against state and federal court personnel after one or more of the Plaintiffs received an unfavorable ruling in earlier cases. In this case, Plaintiffs allege Judge Oliver, the Clerk of Court, and two Assistant United States Attorneys tortiously interfered with their attempt to enforce a unilateral "settlement agreement" that they created in a case against United States District Judge Patricia A. Gaughan. (R. 1-1, PageID# 16). On September 21, 2023, the United States filed a Motion to dismiss for lack of jurisdiction and for failure to state a claim. (R. 10). The United States asserts it has sovereign immunity, that all of the individuals named as Defendants are immune from damages, and that Plaintiffs failed to state a claim upon which relief may be granted. (R. 10).

On September 28, 2023, Plaintiffs filed sixteen Motions. (R. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26). These Motions demand that the Court and the Defendants provide them with discovery and disprove the Plaintiffs' case. The last motion requests an extension of time to respond to the Motion to Dismiss "until the Plaintiffs are in receipt of such disclosures and productions from counsel for the Defendants." (R. 26). These Motions are frivolous and are denied.[2] It is the Plaintiffs' burden to plead and prove a claim upon which relief may be granted. It is not the Defendants' burden to disprove the Plaintiffs' claims to avoid a judgment being taken against them.

For the reasons stated below, the Court grants the Motion to Dismiss. (R. 10).

---

[2] Based on the contents of the motion for extension, it does not appear Plaintiffs actually require any additional time to furnish a legal argument opposing the motion to dismiss, or that they even intend to do so unless they receive "disclosures or productions" to which they are not entitled at this early stage of the proceedings.

## II. Background

To understand the allegations in this action, it is necessary to briefly review the prior actions leading up to this lawsuit. Citibank filed an action against Erin Reynolds in the Lyndhurst Municipal Court on March 22, 2022 to collect a debt. Citibank filed a Motion for Summary Judgment on June 29, 2022. While that Motion was pending, Reynolds sent Lyndhurst Municipal Court Judge Dominic J. Coletta, Lyndhurst Municipal Court Clerk Janet R. Colaluca, and Citibank Attorney Anthony J. Huspaska self-created documents demanding that they produce an original contract with Citibank that contains her ink signature within 72 hours, or she would construe their silence as an admission of guilt to conspiracy to "move a false complaint." On August 16, 2022, Judge Coletta granted Citibank's Motion for Summary Judgment and entered a judgment against Reynolds for $9,169.74 plus costs.

One month later, on September 13, 2022, Erin Reynolds filed an action in this federal court against Judge Coletta, Clerk Colaluca, and Attorney Huspaska claiming they intentionally conspired to "move a false complaint" and admitted to their guilt by failing to respond to her self-created documents in the Lyndhurst case. *Reynolds v. Coletta*, No. 1:22-cv-1642 (N.D. Ohio, Dec. 7, 2022). That case was assigned to District Judge Gaughan, who ultimately granted the Defendants' Motion to Dismiss for lack of jurisdiction and for failure to state a claim. *Id*.[3]

On March 10, 2023, Erin Reynolds, joined by David Reynolds and Taylin Reynolds filed an action against Judge Gaughan, claiming she breached a unilateral "settlement agreement" in

---

[3] Judge Gaughan found that diversity of citizenship was "not complete" because "both Reynolds and two of the defendants are citizens of Ohio," and, therefore, federal court jurisdiction could not be based on diversity of citizenship. Judge Gaughan further found that "Reynolds failed to properly identify a federal question in this case." Thus, federal jurisdiction was lacking. Alternatively, Judge Gaughan found that Reynolds's vague and conclusory allegations unsupported by material facts did not meet the pleading requirements of Federal Rule of Civil Procedure 8.

3

Erin Reynolds's prior case by ruling in favor of Coletta, Colaluca, and Huspaska. *Reynolds v. Gaughan*, No, 1:23 CV 489 (N.D. Ohio July 12, 2023) (R. 1-1 at PageID# 5-6). United States District Judge Solomon Oliver, Jr. was assigned to that case. In the Complaint, Erin Reynolds included a self-created document she titled as a "settlement agreement" (attached as "Exhibit A"), which she addressed to Judge Gaughan demanding that she admit to the allegations in the Complaint and accept financial responsibility for damages in that case as well as the original Lyndhurst case. *Id*. at PageID# 12-13). Plaintiffs included a statement that if Judge Gaughan did not submit certain paperwork to them within 72 hours disputing the claims to their satisfaction, they would deem it as a tacit acceptance of the so-called "settlement agreement." *Id.* at PageID# 14.

On July 12, 2023, Judge Oliver granted the United States' Motion to Dismiss, stating that Judge Gaughan is absolutely immune from suits for damages. (R. 9). Furthermore, Judge Oliver found the Plaintiffs did not file an administrative claim to proceed under the Federal Tort Claims Act. *Id*.

Undeterred by the two prior dismissals in federal court, Plaintiffs have now filed this third action on August 4, 2023, against Judge Oliver, as well as the Court Clerk and the two Assistant United States Attorneys that represented the United States in the case brought against Judge Gaughan. They allege in this pleading that Judge Oliver breached the unilateral "settlement agreement" in the case against Judge Gaughan by not adopting that document and ordering her to pay damages. They claim the Defendants tortiously interfered with obligations under the "settlement agreement" and conspired to invalidate the contract. (R. No. 1-1). As stated above, the United States filed its notice of substitution on August 7, 2023. (R. 3).

4

The United States filed its Motion to Dismiss on September 21, 2023. (R 10). In that Motion they assert that Plaintiffs have not demonstrated a waiver of sovereign immunity. They further allege that Plaintiffs failed to state a claim upon which relief may be granted because all of the Defendants are personally immune, and because Plaintiffs failed to state a viable cause of action. Defendants ask for dismissal of this action, with prejudice.

### III. Standard of Review

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a Court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Rule 12(b)(1) Motions may challenge jurisdiction facially or factually. Fed .R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir.1994). In a facial attack, the challenger asserts that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id*. A challenge to subject matter jurisdiction may be considered a factual attack when the attack relies on extrinsic evidence, as opposed to the pleadings alone, to contest the truth of the allegations. *Id*. The Plaintiff has the

5

burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

When deciding a motion to dismiss for failure to state a claim under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6). When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiffs' obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Furthermore, a claim has facial plausibility when the Plaintiff pleads enough facts to allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not the same as a 'probability requirement,' because it requires more than a sheer possibility that a Defendant acted

unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### IV. Analysis

As an initial matter, Plaintiffs have not demonstrated a waiver of sovereign immunity. They bring this lawsuit against the Defendants for actions they performed in their respective roles as government officials. As none of the allegations reasonably can be construed as having been performed by a Defendant outside of his or her employment, the claims are properly construed as asserted against them in their official capacities. A claim against a government official in his or her official capacity is a claim against the government entity itself, in this case the United States of America.

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). The terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). Plaintiffs therefore must point to some statute waiving sovereign immunity for the type of suit which they now assert. Plaintiffs have not pointed to any such statute. In addition, Plaintiffs have not referred the Court to any statutory or case law authority which would allow them to maintain an action against the United States. The only causes of action Plaintiffs allege in the Complaint are breach of contract and tortious interference with a contract. These two causes of action are not actionable federal claims. The United States has not waived its sovereign immunity for these claims.

The Defendants recognize that tortious interference with a contract is a state tort claim. The Federal Tort Claims Act, (FTCA), 28 U.S.C. § 2671 *et. seq*. constitutes a limited waiver of the United States' sovereign immunity for injuries caused by certain torts committed by an employee of the Government while acting within the scope of his office or employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). Section 2680(h) of the FTCA, however, specifically exempts a claim for relief arising from interference with contract rights from its waiver of sovereign immunity. Therefore, the FTCA cannot serve as a basis for subject matter jurisdiction in this case.

Moreover, the United States Court of Claims has exclusive jurisdiction over any breach of contract claim against the United States that seeks an amount over $10,000.00. 28 U.S.C. §1491(a)(1). Plaintiffs request over $19,000.000.00 in damages. This Court lacks subject matter jurisdiction to entertain this contract claim.

To the extent that Plaintiffs intended to bring these claims against the Defendants in their individual capacities, and not against the United States, their claims are frivolous. First, there is no valid, legally enforceable contract or "settlement agreement" between the Plaintiffs and any of the Defendants in this case. A valid contract must include an offer, a deliberate acceptance, consideration (an exchange of something of value by both parties), a manifestation of mutual assent, and legality of object and of consideration. *Perlmuter Printing Co. v. Strome, Inc*., 436 F.Supp. 409, 414 (N.D. Ohio 1976). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Spectrum Benefit Options, Inc. v. Med. Mut. of Ohio*, 880 N.E.2d 926, 936 (Ohio App. 4 Dist. 2007). A contract cannot be created by sending a document to another person and telling that person that unless they refute every allegation in that document with proof to the satisfaction of the sender, the recipient will be bound by the

8

sender's terms. That situation does not involve actual acceptance of the terms. There is no consideration for the agreement as the recipient of the document gains nothing in the arrangement. There is no outward sign of mutual acceptance of the terms. Finally, there is clearly no meeting of minds with respect to the terms. Under contract law, failing to respond to a demand is not the equivalent to acceptance of the terms. Plaintiffs' claim is entirely frivolous.

Furthermore, all of the Defendants are entitled to immunity. Judge Oliver is absolutely immune for suits for damages that pertain to decisions he made while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Assistant United States Attorneys Michelle Baeppler and Angelita Cruz, as prosecutors, are absolutely immune for claims pertaining to their actions in "undertak[ing] the defense of a civil suit" on behalf of the government. *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). Sandy Opacich is entitled to quasi-judicial immunity from damages stemming from tasks that are performed as an integral part of the judicial process. *See, e.g., Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). This includes the filing and docketing of judicial orders.

Finally, it is apparent from Plaintiffs' pattern of filing frivolous actions that target the judicial officers who ruled against one or more of them in the previous case, and the attorneys who represented opposing parties in the previous case, that this pattern will continue *ad infinitum* unless some action is taken by the Court. It is also apparent that Plaintiffs have filed these actions solely to harass the participants in the prior cases and are not submitted in an attempt to gain real relief from the named Defendants for an actual injury or controversy. This is not an acceptable use of the Court's time and resources.

9

Up to this point, the Court has been tolerant of Plaintiffs' *pro se* filings; however, there comes a point where the Court can no longer allow Plaintiffs to misuse the judicial system at taxpayer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiffs' conduct in this and other cases filed in the Northern District of Ohio, the Court finds it necessary to impose some restrictions on Plaintiffs' ability to continue on in this manner. Therefore, Plaintiffs Erin M. Reynolds, David A. Reynolds, III, and Taylin D. Reynolds each are permanently enjoined from filing any new lawsuits or other documents in this Court without first seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

1.     Erin Reynolds, David A. Reynolds, and/or Taylin D. Reynolds must file a Motion Pursuant to Court Order Seeking Leave to File that includes the document that he, she, or they propose to file, either as individuals or as a group, and must attach a copy of this Order to such Motion (any such Motion should be filed in a miscellaneous case).

2.     As an exhibit to any Motion seeking such leave, Erin Reynolds, David A. Reynolds, and/or Taylin D. Reynolds must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him, her, or them in this or any other court, (2)

the claim or issue is not frivolous, and (3) the document is not filed in bad faith. Any document purporting to hold a court officer, judge, court clerk, or attorney liable for breach of contract or tortious interference with a breach of contract stemming from either an unfavorable decision in a case, or an alleged "settlement agreement" that resulted from a unilateral submission by one, some, or all of the Plaintiffs that went unrefuted, shall be considered to have been filed in bad faith and may result in the court imposing additional sanctions against Erin M. Reynolds, David A. Reynolds, III, and Taylin D. Reynolds individually or collectively.

      3.      By means of a second exhibit, he, she or they must identify and list: (a) the full caption of each and every lawsuit that has been previously filed by him, her, or them or on his, her, or their behalf in any court against each and every defendant in any new suit he, she, or they wish(es) to file, and (b) the full caption of each and every suit which he, she, or they have currently pending.

      4.      As a third exhibit to the Motion, he, she, or they must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for Leave to File if the proposed document is frivolous, vexatious, or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiffs' failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File and may be considered an act of contempt for which he, she, or they may be punished accordingly.

Further, to prevent future harassment by Plaintiff(s) and the waste of this Court's limited resources, the Clerk's Office is hereby ordered that it shall not accept any document submitted by Plaintiff(s), other than a Motion Pursuant to Court Order Seeking Leave to File, prior to him,

her, or them obtaining leave to file. The Clerk's Office shall not file any Motion for Leave unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains the attachments required by this Order. The Clerk's Office shall not accept any other documents from Plaintiff(s) unless and until the Motion Pursuant to Court Order Seeking Leave to File is granted.

In addition, Plaintiffs are permanently enjoined from prosecuting a case that is either removed from state court or is transferred into this Court from another judicial district, unless Plaintiff(s) immediately seek(s) and obtain(s) leave to proceed with the litigation. If Plaintiff file(s) the action in state court or another federal court and it is removed or transferred to this federal court, the Court will dismiss the action without further notice by the Court unless the Plaintiff(s) within thirty days of the removal or transfer file(s) a Motion Pursuant to Court Order Seeking Leave to Proceed and attaches the three exhibits as set forth above for a Motion Pursuant to Court Order Seeking Leave to File. The Clerk's Office shall not accept any other documents from the Plaintiff(s) for filing unless and until the Motion Pursuant to Court Order Seeking Leave to Proceed has been ruled upon as explained above and granted.

## V. CONCLUSION

Accordingly, Defendants' Motion to Dismiss (R. 10) is granted and this action is DISMISSED. Plaintiffs' Motions (Doc. Nos. 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26) are denied, and this action is deemed frivolous. Defendant's Motion (Doc. No. 35) for permission to respond Plaintiff's Motions after the Court's Decision is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

In addition, Erin M. Reynolds, David A. Reynolds, III, and Taylin D. Reynolds individually and collectively are each permanently enjoined from filing any new action in this Court or from prosecuting an action that is removed from state court to this Court or transferred into this Court from another judicial district unless each person first moves for and obtains leave of court to file or proceed with the action as set forth in this Memorandum of Opinion and Order.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: August 23, 2024